UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

    v.                                                Case No. 3:05cr108/RV

**JOHN MICHAEL HUGHES,**
_____/

## ORDER

A competency hearing was held on Tuesday, April 25, 2006, to determine the mental competency of defendant John Michael Hughes to stand trial. Present at the hearing were the government's attorney, Edwin Knight; the defendant; and defendant's attorney, Ronald Johnson. Also present was Lois Lepp, the attorney for defendant's legal guardian, Herbert Lee Hughes, Jr., the duly appointed guardian of the defendant's person and property pursuant to a Florida court order.

In accordance with this Court's order of January 5, 2006, the defendant was examined by a mental health team, including Dr. Rodolfo A. Buigas, at the Federal Detention Center in Miami, Florida.  In the record is Dr. Buigas' thirteen page evaluation of the defendant's competency to stand trial, wherein Dr. Buigas explained that the defendant does not have the ability to understand the nature and consequences of the proceedings against him, or to assist in his own defense. Dr. Buigas also testified at the competency hearing that the defendant is presently psychotic and delusional, and he is suffering from schizoaffective disorder, a serious combination of schizophrenia and a type of bi-polar disorder.  Based on Dr. Buigas' testimony, as well as my observation of the defendant, and the undisputed evidence in this case, I find beyond any reasonable doubt that the defendant is not competent to stand trial at this time. He is suffering from a mental disease or defect rendering him

Case No.: 3:05-cr-180/RV

incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. I also find that the defendant does represent a real and serious danger to other people, evidenced by the fact that he has attempted to assault hospital staff on at least two prior occasions.

Pursuant to Title 18, United States Code, Section 4241(d), the defendant is committed to the custody of the Attorney General for prompt placement and treatment in a suitable facility for a period not to exceed four months. The defendant's guardian, who is also his father, has asked that anti-psychotic medication be administered to the defendant in order to treat his disorder. Florida law delegates a person's right to consent to medical and mental health treatment to the guardian of a person who has been determined to be incapacitated. See §744.3215(3)(f), Fla. Stat. (2005). I agree with the defendant's guardian that the defendant should receive anti-psychotic medication as quickly as possible, despite the defendant's own objections.

During the time that the defendant is in custody, the facility in which the defendant is placed will make a determination as to whether there is a substantial probability that the defendant will attain the capacity to permit this criminal case to continue within the foreseeable future. Such facility is directed to furnish this Court with a written report and evaluation of its findings on this issue as soon as practical, and in no event later than 14 days before the expiration of the four month period. If, at the end of the four months, the defendant is determined to still be incompetent, or if additional time is required for evaluation, the Court will authorize an extension of time upon request of the institution, or further action will be taken in accordance with the requirements of Title 18, United States Code, Sections 4241 and 4246.

Case No.: 3:05-cr-180/RV

A copy of this order, and a copy of Dr. Buigas' evaluation shall be provided to the institution for its confidential use in the defendant's evaluation and treatment.

**DONE AND ORDERED this  25th day of April, 2006.**


                      */s/Roger Vinson*
                      **ROGER VINSON**
                      **Senior United States District Judge**